

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 14, 1974

The Honorable Betty J. Anderson
Executive Secretary
Texas State Board of Examiners
in the Basic Sciences
1012 Sam Houston State Office Bldg.
Austin, Texas 78701

The Honorable W. Forrest Smith
Chairman, Texas Youth Council
P. O. Box 900
Dallas, Texas 75221

Opinion No. H- 255

Re: Application of House
Bill 1, 63rd Leg., the
Ethics Bill, to officers
of an agency not named
therein.

Dear Mrs. Anderson and Mr. Smith:

Article 6252-9b, the Ethics Law adopted by the 63rd Legislature (Acts 1973, ch. 421, p. 1086) lists in its Sec. 3(a) as those who are required to file a financial statement "every [1] elected officer, [2] salaried appointed officer, [3] appointed officer of a major state agency, and [4] executive head of a state agency . . . " Each of these is defined in Sec. 2.

"Sec. 2. In this Act:

"(1) 'State officer' means an elected officer, an appointed officer, or the executive head of a state agency as defined in this section.

"(2) 'Elected officer' means:

"(A) a member of the legislature;

"(B) an executive or judicial officer elected in a statewide election;

"(C) a judge of a court of civil appeals, a district court, a court of domestic relations, or a juvenile court created by special law;

p. 1191

"(D)     a member of the State Board of
         Education; or

"(E)     a person appointed to fill a vacancy
         or newly created office who, if elected
         rather than appointed, would be an
         elected officer as defined in paragraph
         (A), (B), (C), or (D) of this subdivision.

"(3)     'Appointed officer' means:

"(A)     the secretary of state;

"(B)     an individual appointed with the advice
         and consent of the senate to the governing
         board of any state-supported institution
         of higher education;

"(C)     an officer of a state agency who is
         appointed for a term of office specified
         by the constitution or a statute of this
         state, excluding a person appointed to
         fill a vacancy in an elective office; or

"(D)     a person who is not otherwise within
         the definition of elected officer, appointed
         officer, or executive head of a state agency,
         but who holds a position as a member of the
         governing board or commission of a state
         agency acquired through a method other
         than appointment.

"(4)     'Salaried appointed officer' means an
         appointed officer as defined in this Act who
         receives or is authorized to receive
         for his services to the state a salary as
         opposed to a per diem or other form of
         compensation.

The Honorable Betty J. Anderson
The Honorable W. Forrest Smith, page 3   (H-255)


        "(5)(A)  'Appointed officer of a major state
                agency' means any of the following:

        [twenty-seven agencies are then listed including
         neither the State Board of Examiners in the Basic
         Sciences nor the Texas Youth Council]

        " , . .

        "(6)  'Executive head' of a state agency means
               the director, executive director, commissioner,
               administrator, chief clerk, or other individual
               not within the definition of appointed officer
               who is appointed by the governing body or
               highest officer of the state agency to act as the
               chief executive or administrative officer of
               the agency.  The term includes the chancellor
               or highest executive officer of a university
               system and the president of a public senior
               college or university as defined by Section
               61.003, Texas Education Code, as amended.

                . . . "

    The State Board of Examiners in the Basic Sciences consists of six
members appointed by the Governor for a term of six years, subject to
the consent and confirmation of the Senate (Article 4590c, Sec. 3, V. T. C. S. ).
Each member is to receive $25 per day "for each day actively engaged in
the discharge of his duties" plus "actual expenditures" (Ibid. , Sec. 4).
Section 4a of the Article, added in 1967 (Acts 1967, 60th Leg. , ch. 711,
p. 1834) directs the employment of an Executive Secretary.

    The Texas Youth Council consists of three members appointed by
the Governor with the consent of the Senate for terms of six years.  They
are to receive a per diem of $10 per day, not to exceed 60 days for any
fiscal year plus actual expenses.  They are to employ a full-time Executive
Director.  Article 5143d, Sec. 4, V. T. C. S.

    Mrs. Anderson's question is:

"The members of the Texas State Board of
Examiners in the Basic Sciences respectfully
request your opinion as to whether or not the
members of this Board and the employees and
staff of this Board would be subject to the
provisions of House Bill 1 [Article 6252-9b,
supra] by virtue of the fact that this agency is
not named in Subsection (5)(A) of Section 2
of House Bill 1. "

Mr. Smith asks:

"My question is whether members of the
Texas Youth Council are 'state officers' or
'appointed officers', defined in Section 2 of
the Act, and, if so, whether we are required
to file financial statements as provided in
Section 3 of the Act. "

The members of the State Board of Examiners in the Basic Sciences
and of the Texas Youth Council are not required to file the financial state-
ments called for by Sec. 3 of the Ethics Act.  Although they are "appointed
officers" within the definition of Sec. 2(3) of the Ethics Act, they are not
elected officers, they are not salaried appointed officers and, neither
agency being one of the twenty-seven named major state agencies, they
are not appointed officers of a major state agency.  Finally, they do not
meet the Sec. 2 definition of executive head of a state agency.

Though agency members are not required to file the Sec. 3 statement,
that circumstance does not excuse members or staff from otherwise
complying with the Act.

Section 5, requiring an affidavit from an appointed officer not required
to file a financial statement who has, acquires, or divests himself of a
substantial interest in a business entity which is subject to regulation
by a state agency or does business with a state agency, applies to the
members of each board, which is not listed as a "major state agency".

The Executive Secretary of the Board of Examiners and the Executive Director of the Youth Council, in our opinion, probably meet the Sec. 2(6) definition of "executive head of a state agency" and, as such, will have to file the financial statement required by Sec. 3, if in fact, they are appointed "to act as the chief administrative or executive officer of the agency." See Attorney General Opinion No. H-190 (1973).

Of course, all of these persons and all other employees of these agencies are subject to the "standards of conduct" of Sec. 8 of the Act.

## SUMMARY

The unsalaried, appointed members of a board or a state agency, not named as a "major state agency" in the Ethics Act, Article 6252-9b, are not required to file a financial statement, but are required to file an affidavit showing any involvement in regulated activities. The person appointed to act as the chief executive or administrative person in such an agency is required to file the financial statement. The board members, the executive head and all other staff members and employees are governed by the Standards of Conduct.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee